IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFONZO WELLS, JR.,

Plaintiff,

v.

LUCAS WINKER, SGT. HEISER, DEVIN ANDERSON, J. UNDERLY, MICHAEL POLASKY, JOURNAL TIMES, LEE ENTERPRISE NEWSPAPER, SGT. NEIGHBORS, MIKE BOYD, RAYMOND ROBERT RUTZ III, KURT HEISER, JAMES WILLIS, and ANDREW WILLIS,

Defendants.

OPINION and ORDER

25-cv-1033-jdp

---

Plaintiff Alfonzo Wells, Jr., proceeding without counsel, is suing law enforcement officers, a prosecutor, and media entities for what Wells says are false allegations of criminal conduct. Wells does not identify what the charges were, but he says that all charges were eventually dismissed during trial.

The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Wells must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that he must provide fair notice of his claim and raise his right to relief above the level of speculation, *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Stated another way, Wells must "present a story

that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024).

Wells has not satisfied the above standard for any of the defendants. Wells alleges in broad strokes what each of the defendants did: the officers damaged his home during a search and later towed his vehicle; the prosecutor obtained a search warrant and later an indictment; and the media published false accusations while "leaking" his name and address. But none of this alleged conduct is necessarily unlawful, and Wells includes no factual context to support a plausible inference that any of the defendants violated his rights.

As for Wells's allegations against the police officers (Lucas Winker, Sgt. Heiser, Kurt Heiser, J. Underly, Devin Anderson, Michael Polasky, James Willis, and Andrew Willis), I understand Wells to be asserting a claim under the Fourth Amendment. But a search of a suspect's home or seizure of his property violates the Fourth Amendment only if the search or seizure was unreasonable. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). Wells alleges no facts to support an inference that officers acted without probable cause or a valid warrant or that the search was conducted in an unreasonable manner. *See Hadley v. City of S. Bend, Indiana*, 154 F.4th 549, 556–57 (7th Cir. 2025) ("*excessive or unnecessary* destruction of property" may violate Fourth Amendment) (emphasis added); *Bell v. City of Chicago*, 835 F.3d 736, 740 (7th Cir. 2016) (warrantless impoundment of car does not violate the Fourth Amendment if officer has probable cause that vehicle was used in connection with crime). The fact that charges were ultimately dismissed does not mean that officers lacked probable cause, and the fact that there was property damage does not in itself show that the search was conducted in an unreasonable manner. Without allegations about the surrounding circumstances, it is not plausible to infer that defendants violated the Fourth Amendment.

As for Wells's allegations against the prosecutor (Raymond Robert Rutz III), any claim is likely barred by absolute immunity. A prosecutor has absolute immunity for anything he does to prepare for the initiation of judicial proceedings or for trial. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565–66 (7th Cir. 2022). This includes filing an indictment or applying for a search warrant. *Greenpoint*, 38 F.4th at 566–67; *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). There is an exception for "investigative" acts, when the prosecutor is "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested." *Buckley*, 509 U.S. at 273. But nothing in Wells's complaint suggests that he is challenging any investigative activities by the prosecutor.

As for Wells's allegations against the media entities (Lee Enterprise Newspaper and Journal Times), I understand Wells to be raising claims for defamation for printing false allegations and invasion of privacy for disclosing his name and address. But a news organization cannot be sued for defamation simply because it reported on criminal charges. *See* Wis. Stat. 895.05(1). Wells does not allege that the media entities made their own false accusations against Wells; rather, it appears he is alleging only that they ran a story about the charges against him. Wells admits that he was charged with 13 felonies, so it would not be false to report on that or on any of the allegations in the criminal complaint. Even if the media had reported false information, Wells would have to show that defendants were negligent in failing to discover that the reporting was false. *Wagner v. Allen Media Broad.*, 2024 WI App 9, ¶ 75, 410 Wis. 2d 666, 717–18, 3 N.W.3d 758, 784. Wells does not allege facts suggesting that the media entities were negligent.

As for the invasion of privacy claim, there is no invasion of privacy when a newspaper publishes information that is a matter of public record. Wis. Stat. § 995.50(2)(am). This rule applies to both names and addresses. *See Dumas v. Koebel*, 2013 WI App 152, ¶¶ 19–21, 352 Wis. 2d 13, 841 N.W.2d 319; *Keller v. Patterson*, 2012 WI App 78, ¶ 12 & n.4, 343 Wis. 2d 569, 819 N.W.2d 841. Wells does not allege that his criminal proceedings were sealed or that his name or address was not a matter of public record.

None of Wells's allegations state a plausible claim, but I will give him an opportunity to amend his complaint if he believes he can fix the problems identified in this order. If Wells does not respond by the deadline, I will dismiss the case for failure to state a claim, direct the clerk of court to enter judgment, close the case, and record a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

## ORDER

IT IS ORDERED that Alfonzo Wells, Jr.'s complaint is DISMISSED for failure to state a claim upon which relief may be granted. Wells may have until September 22, 2026, to file an amended complaint if he believes he can correct the problems with his complaint.

Entered September 1, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge